**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **MICHAEL J. MORRIS,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:06-CV-583-Y** |
| | § | |
| **REBECCA TAMEZ, Warden,**[1] | § | |
| **FCI-Fort Worth,** | § | |
| **Respondent.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas.  The Findings, Conclusions and Recommendation of the United States Magistrate Judge are as follows:

## I.  FINDINGS AND CONCLUSIONS

### A.  NATURE OF THE CASE

This is a petition for writ of habeas corpus by a federal prisoner pursuant to 28 U.S.C. § 2241.

### B.  PARTIES

Petitioner Michael J. Morris, Reg. 05990-062, was a federal prisoner incarcerated in the Federal Correctional Institution in Fort Worth, Texas (FCI-Fort Worth) at the time this petition was filed.

---

[1]The Court was informed by counsel for FCI-Fort Worth that Cole Jeter has been replaced by Rebecca Tamez as Warden.  As such, Rebecca Tamez should be automatically substituted as Respondent.  *See* FED. R. CIV. P.  25(d)(1). The clerk of Court is directed to docket and change the designation of the Respondent.

Respondent Rebecca Tamez is Warden of FCI-Fort Worth.

## C. PROCEDURAL HISTORY

Morris was serving federal sentences for his convictions for bank and wire fraud and causing a criminal act in the United States District Court for the Northern District of Oklahoma, Tulsa Division, Criminal Docket # 4:02-CR-72-JHP-1. *See* CM/ECF, Criminal Docket for Case #4:02-CR-72-JHP-1. In this petition, Morris claims the Federal Bureau of Prisons (the Bureau) should have released him from CCC custody to supervised release on January 17, 2006. (Petition at 6.) Bureau records indicate that Morris was released from federal confinement on December 22, 2006. *See* U.S. Department of Justice, Federal Bureau of Prisons/Inmate Locator, *available at* http://www.bop.gov. As of this date, Morris has not notified the Court of his current address.

## D. DISCUSSION

Because Morris has been released from federal custody, this court can no longer provide him with the relief he seeks–i.e., immediate release from confinement. *See Bailey v. Southerland*, 821 F.2d 277, 278-79 (5th Cir. 1987). Morris is no longer confined nor has he demonstrated that he is suffering any current collateral consequences or that he will suffer any collateral consequences in the future. *See Spencer v. Kemna*, 523 U.S. 1, 7-8 (1998). Dismissal of this petition is therefore appropriate as moot based upon Morris's release from federal custody. *See Lane v. Williams*, 455 U.S. 624, 632 (1982); *McRae v. Hogan*, 576 F.2d 615, 616-17 (5th Cir. 1978).

## II.  RECOMMENDATION

Morriss's petition should be DISMISSED as moot.

## III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED
## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document.  The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until June 12, 2007.  The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made.  *See* 28 U.S.C. § 636(B)(1).  Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until June 12, 2007, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation.  It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED May 22, 2007.


_____/s/   Charles Bleil_____
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE

4